1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  OBI LEE CRISP III,                          No.  2:14-cv-1345 AC P

12              Plaintiff,

13       v.                                      ORDER

14  CALIFORNIA HEALTH CARE
    FACILITY, et al.,

15
                Defendants.
16

17

18       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19  § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20  proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21                      IN FORMA PAUPERIS APPLICATION

22       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

23  § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

25  §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4    § 1915(b)(2).

5                                    SCREENING STANDARD

6            The court is required to screen complaints brought by prisoners seeking relief against a

7    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11   A claim is legally frivolous when, taking its factual allegations as true, it lacks an arguable basis

12   either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745

13   F.2d 1221, 1227-28 (9th Cir. 1984).

14           The key consideration applicable to this complaint, however, is that the federal rules

15   contemplate brevity.  See Fed. R. Civ. P. 8(a)(2) (complaint must be "a short and plain

16   statement"); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

17   point of a simplified pleading system, which was adopted to focus litigation on the merits of a

18   claim").  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)

19   (1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172,

20   1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and

21   direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application

22   of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

23           The courts do grant leeway to pro se plaintiffs in construing their pleadings.  See, e.g.,

24   Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a *pro se* litigant …

25   may be entitled to great leeway when the court construes his pleadings, those pleadings

26   nonetheless must meet some minimum threshold in providing a defendant with notice of what it is

27   that it allegedly did wrong").  Even with leeway and liberal construction, however, the complaint

28   must not force the court and the defendants to guess at what is being alleged against whom,

                                                   2

1   require the court to spend its time "preparing the 'short and plain statement' which Rule 8

2   obligated plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to

3   determine who is being sued for what."  McHenry, 84 F.3d at 1179.  An excessively long and

4   repetitive pleading, containing much narrative and story-telling, naming many defendants and

5   other named individuals who may or may not be defendants, and with no clear statement of which

6   individuals did what, very likely will result in delaying the review required by 28 U.S.C. § 1915A

7   and ultimately, an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41, for violation

8   of these instructions.  Id.

9                                                   ANALYSIS

10        In this case, plaintiff's complaint spans 29 single-spaced, handwritten pages, plus an

11   additional 17 pages of what may be exhibits.  As best the court can tell, plaintiff alleges that he is

12   disabled by morbid obesity and possibly related skin conditions, as well as serious knee problems

13   and mobility limitations.  He appears to allege that he is therefore a person with serious medical

14   needs, and also a person with disabilities pursuant to the Americans with Disabilities Act of 1990

15   ("ADA"), 42 U.S.C. § 12101-12213 (which, broadly, prohibits discrimination against persons

16   with disabilities by public entities), and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C.

17   §§ 701-796l (which, broadly, prohibits recipients of federal funds from discriminating against

18   persons with disabilities).  Plaintiff appears to allege that various defendants violated the ADA

19   and RA by denying him required medical and sanitary needs, that they violated the Eighth

20   Amendment's prohibition of cruel and unusual punishment by ignoring his serious medical needs,

21   and that they engaged in reprisals and retaliation.

22        The complaint however, consists of lengthy and repetitive narratives and story-telling.

23   Figuring out from this complaint what claims plaintiff is making, which allegations support which

24   claims, and which allegations are asserted against which defendants, would be excessively time-

25   consuming for the court, and in the end, the court would not know that it was correctly

26   interpreting the complaint.  The Ninth Circuit has set forth some of the dangers of proceeding

27   with such a complaint:

28               As a practical matter, the judge and opposing counsel, in order to

                                                        3

perform their responsibilities, cannot use a complaint such as the one plaintiff filed, and must prepare outlines to determine who is being sued for what.  Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.

McHenry, 84 F.3d at 1179-80.

In short, the court is currently unable to conduct the screening required by 28 U.S.C. § 1915A, because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and (d)(1).  Accordingly, the complaint will be dismissed with leave to file an amended complaint.  If plaintiff chooses to file an amended complaint, he must submit a **short and plain statement** demonstrating how the conditions or actions complained of have resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

The amended complaint should contain separate, clearly identified claims – for example, Eighth Amendment Claim, ADA Claim, Rehabilitation Act Claim, Retaliation Claim, etc. –

1  clearly identified at the beginning of each claim.  The allegations of the complaint must be set

2  forth in sequentially numbered paragraphs (each paragraph number is one greater than the one

3  before, each paragraph has its own number, and no paragraph number is repeated anywhere in the

4  complaint).  Each paragraph should be limited "to a single set of circumstances" where possible.

5  Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff

6  must avoid narrative and storytelling.  That is, the complaint should not include every detail of

7  what happened, nor recount the details of conversations.  Rather, the amended complaint should

8  contain only those facts needed to show how a specific, named defendant legally wronged the

9  plaintiff.

10      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading.  This is because, as a

13  general rule, an amended complaint supersedes the original complaint.  See Pacific Bell

14  Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an

15  amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal

16  Practice & Procedure § 1476, pp. 556–557 (2d ed.1990)).  Therefore, in an amended complaint,

17  as in an original complaint, each claim and the involvement of each defendant must be

18  sufficiently alleged.

19                          IV. CONCLUSION

20      In accordance with the above, IT IS HEREBY ORDERED that:

21      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

22      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

23  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

24  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

25  Director of the California Department of Corrections and Rehabilitation filed concurrently

26  herewith.

27      3.  The complaint is dismissed for the reasons discussed above, with leave to file an

28  amended complaint within thirty days from the date of service of this order.  Failure to file an

5

1    amended complaint will result in a recommendation that the action be dismissed.

2    DATED: October 6, 2014

3    _____

       ALLISON CLAIRE
4      UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28