UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBI LEE CRISP III,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.<br><br>        Defendants. | No. 2:14-cv-1345 DB<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), alleging 28 separate claims relating to the medical care plaintiff has received while in custody. The previous magistrate judge assigned to this case dismissed without prejudice plaintiff's original complaint for failure to state a cognizable claim. (ECF No. 16.) Plaintiff was granted leave to file an amended complaint. (Id.) Plaintiff filed an amended complaint (ECF No. 22), and subsequently filed a second amended complaint (ECF No. 28). The second amended complaint is now before the court for screening.

**I.    Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

1

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.   Screening Analysis**

Plaintiff's original complaint spanned 29 single-spaced, handwritten pages, plus an additional 17 pages of exhibits. (ECF No. 1.) The court noted that the original complaint consisted of "lengthy and repetitive narratives and story-telling. Figuring out from this complaint what claims plaintiff is making, which allegations support which claims, and which allegations are asserted against which defendants, would be excessively time-consuming for the court, and in

1 | the end, the court would not know that it was correctly interpreting the complaint." (ECF No. 16
2 | at 3.)

The second amended complaint is an improvement upon the original; however, it still suffers from many of the same ills and leaves the court in the same predicament outlined in the initial screening order: "in the end, the court [does] not know that it [is] correctly interpreting the complaint." The current version of the complaint has been reduced to 13 single-spaced, handwritten pages, and does not include exhibits. However, the second amended complaint frequently cites to exhibits, which are not attached to the complaint. In the first round of screening, plaintiff was cautioned (1) that the "court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant," and (2) that the "court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete." (ECF No. 16 at 4-5.) By referring to exhibits that are attached to a prior version of the complaint, the second amended complaint does not heed either of these warnings.

Furthermore, while the second amended complaint contains numbered paragraphs, as well as a numbered list of claims, it still mainly "consists of lengthy and repetitive narratives and story-telling." (ECF No. 16 at 3.) The "Allegation(s)/Damage(s)" portion of the second amended complaint is divided into a timeline of five different "sets of events," each of which is divided into sub-paragraphs -- with one or more paragraphs providing a narrative story-telling of certain events alleged to have occurred, followed by a "damages" paragraph listing the specific claims plaintiff is making in the preceding paragraph(s). (ECF No. 28 at 4-12.) Helpfully, plaintiff provides a full listing of the 28 separate claims made at the end of the second amended complaint. (Id. at 13-14.)

While the structure of the second amended complaint is an improvement upon the original complaint, it still presents the court with the same problems that prevented a thorough screening initially: Figuring out which allegations support which claims and which allegations are asserted against which defendants would be excessively time-consuming for the court, and "in the end, the court would not know that it is correctly interpreting the complaint." (See ECF No. 16.)

////

The court is currently unable to conduct the screening required by 28 U.S.C. § 1915A, because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and (d)(1). Accordingly, the complaint will be dismissed with leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must submit a short and plain statement demonstrating how the conditions or actions complained of have resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right. The amended complaint should contain separate, clearly identified claims -- for example, Eighth Amendment Claim, ADA Claim, Rehabilitation Act Claim, Retaliation Claim, etc. -- clearly identified at the beginning of each claim. While the second amended complaint clearly identifies each claim, the allegations that support the individual claims are not clear because of the organizational structure, which features a singular, winding narrative that is followed by a list of numerous claims.

The allegations of the complaint must be set forth in sequentially numbered paragraphs (each paragraph number is one greater than the one before, each paragraph has its own number, and no paragraph number is repeated anywhere in the complaint). Each paragraph should be

4

limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations. Rather, the amended complaint should contain only those facts needed to show how a specific, named defendant legally wronged the plaintiff.

And, again, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556–557 (2d ed.1990)). Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the second amended complaint (ECF No. 28) is dismissed, with leave to file a third amended complaint within thirty days from the date of service of this order. Failure to file a third amended complaint may result in a recommendation that the action be dismissed.

Dated: September 21, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / cris.1345.scrn.sac