UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>    Defendants. | No. 2:14-cv-1345 DB P<br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his rights under the Americans with Disabilities Act (ADA) and failed to provide him with adequate medical care in violation of the Eighth Amendment. Presently before the court is plaintiff's third amended complaint for screening.

**I.   Background**

The magistrate judge previously assigned to the case dismissed plaintiff's original complaint with leave to amend for failure to state a claim. (ECF No. 16.) Plaintiff filed an amended complaint (ECF No. 22) and a second amended complaint (ECF No. 28). Upon screening plaintiff's second amended complaint the undersigned found plaintiff failed to state a claim and

////

1

granted plaintiff leave to amend. (ECF No. 32.) Plaintiff has now filed a third amended complaint. (ECF No. 35.)

## II. Screening Standard

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 122728 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976). The court must

---

[1] While it appears based on plaintiff's updated address (ECF No. 29) that he is no longer incarcerated, the court is still required to screen the complaint because plaintiff was an inmate when he filed the original complaint and he seeks relief from government officials. See 28 U.S.C. § 1915A(a).

2

also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Screening Analysis

#### 1. Allegations in the Complaint

Plaintiff's third amended complaint contains allegations regarding defendants' failure to provide him with clean clothing in the correct size, failure to accommodate his need for daily showers, and failure to assist him with activities of daily living in a timely manner.

Plaintiff names as defendants: (1) California Health Care Facility ("CHCF"); (2) Warden Brian Duffy; (3) Warden R.J. Rackley; (4) Chief Executive Officer Jackie Clark; (5) Senior Registered Nurse ("SRN") S. Hardy; (6) SRN Robles; (7) SRN Crickeet; (8) Dr. Nasir; (9) Laundry Supervisor D. Greenwood; (10) Registered Nurse Islas; (11) Certified Nurse's Assistant ("CNA") K. Johnson; (12) CNA C. Frye; and (13) CME Adams.

#### 2. Discussion

The third amended complaint, like the two previously screened, contains lengthy narratives. This makes it difficult, if not impossible, for the court to determine the claims plaintiff is attempting to assert and against whom he is asserting his various claims. Thus, the court is unable to conduct the screening required by 28 U.S.C. § 1915A, because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2) and (d)(1).

Plaintiff was previously informed that the court could not conduct the screening required of his original complaint because it spanned twenty-nine (29) single-spaced handwritten pages with an additional seventeen (17) pages of exhibits. (ECF No. 16.) The third amended complaint spans thirty-three (33) handwritten single spaced pages plus an additional one hundred fifty (150) pages of exhibits.

It appears plaintiff is attempting to state a claim for violation of his rights under the Eighth Amendment. It is unclear if his claims are based on inhumane conditions of confinement, prison officials' failure to provide him with adequate medical care, or both. Issues of inhumane conditions of confinement, failure to attend to medical needs, failure to provide for an inmate's safety, or some combination thereof, are appropriately scrutinized under the "deliberate

indifference" standard. See Whitley v. Albers, 475 U.S. 312, 319 (1986). Deliberate indifference requires a showing that "prison officials were aware of a 'substantial risk of serious harm'" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Figuring out from this complaint what claims plaintiff is making, which allegations support which claims, and which claims are asserted against which defendants, would be excessively time-consuming for the court, and in the end, the court would not know that it was correctly interpreting the complaint. While the pleading standards are low, at a minimum the complaint must contain sufficient factual allegations so that the defendants (and where complaints must be screened, the court) can be properly placed on notice of plaintiff's claims in order to determine which allegations are aimed at which defendants and which allegations go towards the various claims. Thus, the court is unable to conduct the screening required by 28 U.S.C. § 1915A, because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2) and (d)(1).

### 3. Amending the Complaint

The court will grant plaintiff leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must submit a short and plaint statement demonstrating how the conditions or actions complained of have resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally

participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint should contain separate, clearly identified claims – for example, Eighth Amendment Claim, ADA Claim, Rehabilitation Act Claim, Retaliation Claim, etc. – clearly identified at the beginning of each claim. Plaintiff should provide the court with the facts supporting the allegations of each claim separately. For example, under the Eighth Amendment Claim, plaintiff should list the named defendants he alleges violated his Eighth Amendment rights and state what actions or inactions each named defendant took that violated his rights.

The allegations of the complaint must be set forth in sequentially numbered paragraphs (each paragraph number is one greater than the one before, each paragraph has its own number, and no paragraph number is repeated anywhere in the complaint). Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations. Rather, the amended complaint should contain only those facts needed to show how a specific, named defendant legally wronged the plaintiff.

And, again, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-557 (2d ed.1990)). Therefore, in a fourth amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the third amended complaint (ECF No. 35) is dismissed. Plaintiff will be given one final opportunity to amend the complaint. Plaintiff shall file an amended within thirty days of service of this order. Failure to file a fourth amended complaint may result in a recommendation that this action be dismissed.

Dated: May 30, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.CivilRights/cris1345.scrn3